UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff/Respondent,        Civ.  No. 08-CV-14900
                                                         Crim. No. 06-CR-20680
vs.                                                      Hon. Gerald E. Rosen

MICHAEL J. SIMON,

          Defendant/Petitioner.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
REQUEST FOR SECONDARY JUDICIAL REVIEW

           At a session of said Court, held in
           the U.S. Courthouse, Detroit, Michigan
           on           July 2, 2009

           PRESENT:  Honorable Gerald E. Rosen
                               Chief Judge, United States District Court

     Defendant Michael J. Simon pled guilty to a one-count superseding bank fraud information pursuant to a Rule 11 Plea Agreement, and on July 30, 2008, was sentenced to 51 months imprisonment and ordered to pay restitution in the amount of $1,458,029.36. No appeal was taken from this sentence. On November 11, 2008, Simon filed a Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The Court denied Defendant's Motion in an Opinion and Order and Judgment entered May 21, 2009. On June 30, 2009, Simon filed the instant "Request for Secondary Judicial Review" in which he seeks review and reversal of the Court's May 21, 2009 Order and

1

Judgment.

As an initial matter, this Court needs to determine how best to construe Petitioner's request under the Federal Court rules. A litigant may seek review/ reconsideration of the Court's previous rulings under three rules: Eastern District of Michigan Local Rule 7.1(g), Fed. R. Civ. P. 59(e), or Fed. R. Civ. P. 60(b).

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A federal district court judge, however, has discretion to grant a motion to alter or amend judgment only in very narrow circumstances:

1. to accommodate an intervening change in controlling law;
2. to account for new evidence which was not available at trial; or;
3. to correct a clear error of law or to prevent manifest injustice.

*Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

In addition, Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes,* 86 F. Supp. 2d at 726 (internal quotation omitted).

Eastern District of Michigan Local Rule Mich. 7.1 (g) allows a party to file a

motion for rehearing or reconsideration. Like a Rule 59(e) motion, a motion for rehearing or reconsideration under Local Rule 7.1 must also be brought within 10 days after entry of the judgment or order. However, the court will not grant motions for rehearing or reconsideration that merely present the same issues already ruled upon by the court, either expressly or by reasonable implication. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also must show that correcting the defect will result in a different disposition of the case. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

The problem with construing Defendant Simon's instant request for review as a motion for rehearing or reconsideration or as a motion to alter or amend judgment is that it was not filed within ten (10) days of the Court's judgment, as required under Local Rule 7.1(g)(1) and Fed. R. Civ. P. 59(e). A motion to amend or alter a judgment denying habeas relief is untimely when it is filed more than ten days after the judgment is entered. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).[1]

---

[1] Even if the Court were to disregard Defendant's untimeliness and consider the merits of his motion, his request for relief would be denied. In his motion, plaintiff is merely presenting arguments that were already raised in his 2255 motion to vacate sentence, and considered by the Court in ruling on the matter. Plaintiff is merely attempting to re-hash arguments that he previously raised in his 2255 motion. Therefore, treating the motion either as a motion to alter or amend judgment under Rule 59(e) or as a motion for rehearing or reconsideration under Local Rule 7.1(g), the Court would deny the motion because plaintiff is merely presenting issues which were already ruled upon

Defendant's request for review can therefore only be construed as a motion for relief from judgment filed under Fed. R. Civ. P. 60(b). *Wilson v. Fenton,* 684 F. 2d 249, 251 (3rd Cir. 1982).

Federal Rule of Civil Procedure 60(b) provides that relief from judgment may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .(3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

As Plaintiff offers no proof of newly discovered evidence, fraud, that the challenged judgment is void or has been satisfied, the Court concludes that he can only seek relief pursuant to subsections (1) or (6).

Relief from judgment may be granted pursuant to Rule 60(b)(1) where the Court's judgment was the result of "mistake , inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In this context, "mistake" encompasses legal errors. *See Barrier v. Beaver*, 712 F.2d 231, 233-34 (6th Cir. 1983). Plaintiff disagrees with the Court's decision denying him 2255 relief, but fails to show that the judgment was the result of "mistake, inadvertence, surprise, or excusable neglect." Accordingly, Plaintiff is not

---

by this Court, either expressly or by reasonable implication, when the Court denied his 2255 Motion. *Hence v. Smith,* 49 F. Supp. 2d at 553.

4

entitled to relief pursuant to Rule 60(b)(1).

Rule 60(b)(6) relief may be granted only in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Again, Plaintiff disagrees with the Court's decision denying him 2255 relief, but provides no unusual or extreme circumstances which would warrant relief under Rule 60(b)(6).

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's "Request for Secondary Judicial Review" of the May 21, 2009 Opinion and Order denying his 2255 Motion **[Dkt. # 38]** is DENIED.

> s/Gerald E. Rosen
> Chief Judge, United States District Court

Dated: July 2, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on _____July 4, 2009_____, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____Paul Burakoff_____
_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
   Michael J. Simon, #41034-039, FCI Elkton, P.O. Box 10, Lisbon, Ohio 44432   .

> s/Ruth A. Brissaud
> Ruth A. Brissaud, Case Manager
> (313) 234-5137

5